## SUPREME COURT.

HUNT agt. MEACHAM, IMPLEADED, &c.

Where the defence is not founded upon a written instrument for the payment of money only, in the possession of the attorney, he must have personal knowledge of all the material allegations of the answer to enable him to verify.

*Clinton Special Term, February* 1852. This was a motion to set aside or strike out an answer for a defective verification, which was as follows:

" Clinton County, ss: A— B—, attorney for Joel E. Meacham, being duly sworn says, that the said defendants, Joel E. Meacham and Henry F. Royce, are both absent from the state of New York, and this defendant is unable to procure the verification of either of the said defendants to this plea or answer. This deponent further says that the facts set forth in the foregoing answer he believes to be true; that the deponent has no personal knowledge of the same other than that derived from the statements made by the said Joel E. Meacham, part of which was made upon oath in the presence of this deponent, and part in an interview with the said Meacham and while deponent was acting as counsel for said Meacham, and which statement deponent believes to be true.    (Signed)    . A— B—.

Sworn, &c."

No written instrument was the foundation of the defence.

G. M. BECKWITH, *for the Motion.*

P. G. ELLSWORTH, *Contra.*

HAND, Justice.—If the defence be not founded upon a written instrument for the payment of money only, in the possession of the attorney, he must have personal knowledge of all the material allegations of the answer, to enable him to verify (*Code,* § 157). In this case, no such instrument was the foundation of the defence, nor did the attorney possess the requisite knowledge. It is not necessary now to decide what knowledge the attorney must have when he is possessed of such an instrument.

The motion must be granted, but with leave to amend.

Ordered accordingly.