## SUPREME COURT.

### WILLIAM B. TREADWELL AND JOHN S. PERRY agt. ALONZ(' D. FASSETT.

Where the *verification* of a pleading is not made by the party, the *agent* or *attorney* by whom it is made must state his *knowledge* ón the subject, or when there are facts stated upon information and belief, *the grounds of his belief.* In every case where the verification is so made, so far as the agent or attorney speaks of his own knowledge, he must state what knowledge he has; and when he speaks of his belief, he must state the grounds of such belief.

Although the possession by the attorney of promissory notes sued upon, will authorize him to verify the complaint, yet the mere statement of that fact in the verification is not sufficient.

*Albany Special Term, Aug.*, 1854.

Motion to set aside judgment for irregularity. The action was upon several promissory notes. The complaint was verified by one of the plaintiff's attorneys. The verification was in the following words: " City and county of Albany ss. William L. Learned, one of the plaintiff's attorneys, being duly sworn, says, that the foregoing complaint is true of his own knowledge, except as to those matters therein stated on information and belief, and as to those matters he believes it to be true. And that the promissory notes mentioned in said complaint are in the possession of said attorneys." The defendant treated the complaint as unverified, and served an answer without any verification. The plaintiffs' attorneys gave notice that they should disregard the answer, and perfected judgment as upon default.

G. L. WILSON, *for plaintiffs.*

E. B. VEDDER, *for defendant.*

HARRIS, Justice. The general rule adopted by the Code in respect to the verification of a pleading is, that it shall be made by the party. But it may be made by an agent or attorney when the party is not within the county in which the attorney resides, or is incapable of making the affidavit, or when the action or defence is founded upon a written instrument for the payment of money only, and such instrument is in the posses-

sion of the agent or attorney who makes the affidavit, or, thirdly, where all the material allegations of the .pleading are within the personal knowledge of the agent or attorney. When the verification is made by the agent or attorney, he is required to state why he makes it. It must be, because the party himself is absent or incapable of making an affidavit, or because the action or defence is founded upon such a written instrument as is described in the statute and such instrument is in his possession, or, because all the material allegations of the pleading are within his personal knowledge. To this extent the verification in this case is in conformity with the requirements of the Code. It is made by the attorney, and he states the reason why he makes it. It is because the action is founded upon written instruments for the payment of money only, and those instruments are in his hands.

But there is another requisite, when the verification is made by an agent or attorney, which I do not find in this affidavit. It is required, when the pleading is verified by any other person than the party, that he shall set forth in the affidavit his knowledge, or, when there are facts stated upon information and belief, *the grounds of his belief on the subject.* I am unable to see that this requirement has been met in this case. The allegations in the complaint which the attorney has attempted to verify, are made upon information and belief. The fact that the notes are in his possession was sufficient to authorize him to make the verification, but it is not a statement of the grounds of the belief to which he has sworn. In this respect I think the verification is defective.

What shall be deemed a sufficient compliance with this requirement we need not now inquire. In *Dixwell agt. Wordsworth,* (2 *Code R.* 1,) the attorney who made the verification stated that he believed the allegations in the pleading to be true, and that the grounds of such belief were, the information he had received and the representations that had been made to him by his client. In *Mason agt. Brown,* (6 *How.* 481,) the attorney stated, as the ground of his belief, " information derived from the payee of the note." In *Stannard agt. Mattice*

(7 *How.* 1,) the attorney, after verifying the complaint in the usual form, and stating the reason why it was not verified by the plaintiff himself, proceeds to state his knowledge on the subject. The sufficiency of the attorney's knowledge, or the grounds of his belief, in each particular case, is, I suppose, a question for the court to determine. But, in every case where the verification is not made by the party, the agent or attorney making it, so far as he speaks of his own knowledge, must state what knowledge he has, and when he speaks of his belief he must state the grounds of such belief. This is expressly required by the Code, and we are not at liberty to dispense with it. The verification of the complaint being defective in this respect, the defendant was not bound to verify his answer. (*See Fitch agt. Bigelow*, 5 *How.* 237.) The motion to set aside the judgment entered by the plaintiffs for want of an answer must therefore be granted; but I think it should be without costs.