NEW-YORK PRACTICE REPORTS.    · 149

Hubbard & Cutler agt. The National Protection Insurance Co.

# SUPREME COURT.

ARCHIBALD HUBBARD and HORACE CUTLER agt. THE NATIONAL
PROTECTION INSURANCE COMPANY.

Where the defendants served a demand, in writing, that the trial be had in the
proper county, naming it, and before the time for answering expired, the de-
fendants served on the plaintiffs' attorney a copy of an answer, not verified,
which was returned by the plaintiffs' attorney, on the ground that it was not .
verified; and the defendants thereupon moved that the place of trial be changed,
and that their answer theretofore served stand as the answer in the action,
*Held*, that as regarded the motion to change the place of trial, it was not neces-
sary to inquire whether the answer was well served, without being verified  ·
or not. If the plaintiffs laid the venue in the wrong county, it was their duty,
on demand, to have changed it by amendment of their complaint, or other-
wise, to the proper county. And the defendants might move thus to change
it before issue joined, or at any time thereafter before trial, or before judg-
ment, if no trial was had. And the plaintiffs, in such cases, should be charged
with the *costs* of the motion. And on such a motion the plaintiffs cannot set
up the ground of the convenience of witnesses—the defendants have no chance
to answer it.
Where the convenience of witnesses is the ground of the motion, it should not
be made till after issue joined, and after the place of trial has been fixed in the
proper county.
The *residence* of a corporation created by the laws of this state, is in the county
where its *general business* is transacted and located. The fact that such a
corporation has an office in another county, where some of their business is
done, does not change or affect their residence. (*See Conroe* agt. *National
Protection Ins. Co.,* 10 *How. Pr. R.* 403.)
Where the plaintiffs' attorney verified the complaint in this way—" that the ac-
tion is founded on an instrument for the payment of money only, which instru-
ment was in his possession as attorney for the plaintiffs, neither of whom were
residents of Erie county, where the attorney resided, nor was either of them
capable of making the affidavit verifying the complaint."
*Held*, that the verification was insufficient, for the reason that the attorney did
not set forth " his knowledge, or the ground of his belief," on that subject,
which is required by the Code. (*See also Stannard* agt. *Mattice,* 7 *How.
Pr. R.* 4; and *Treadwell* agt. *Fassett,* 10 *id.* 184.)

*Erie Special Term, March,* 1855.

MOTION by defendants to change the place of trial from the
county of Erie to the county of Saratoga, on the ground that

"the county designated for that purpose in the complaint is not the proper county."

The plaintiffs are non-residents of the state, and the defendants are a corporation located and having their principal place of business at the village of Saratoga Springs, in the county of Saratoga, and the venue in the action is laid in the county of Erie.

The summons and complaint were served January 17th, 1855, and the action is upon a fire-policy of insurance, issued by the defendants to the plaintiffs, to recover damages for the loss by fire of the property insured. The complaint is verified by the affidavit of the plaintiffs' attorney, in which affidavit he states, that the matters and things stated in the complaint are true, except as to the matters therein stated on information and belief, and that as to those matters he believes it to be true; that the action is founded on an instrument for the payment of money only, which instrument was in his possession as attorney for the plaintiffs, neither of whom were residents of Erie county, where the attorney resided, nor was either of them capable of making the affidavit verifying the complaint.

The above is the substance of the whole affidavit. The time for the defendants to answer the complaint having been extended by an order until after February 17, 1855, they on that day served on the plaintiffs' attorney an answer which was not verified—which answer the plaintiffs' attorney returned, stating in a note accompanying it, that it was so returned for the reason that it was not verified. On the 23d of January, 1855, the defendants' attorney served upon the plaintiffs' attorney a demand, in writing, that the trial of the action be had in the proper county—to wit, in the county of Saratoga.

The defendants, in their notice of motion, in addition to the change of the place of trial, ask for an order, that the answer served, stand as the answer in the action.

The plaintiffs, by an affidavit read in opposition to the motion, show that the defendants have an office for effecting insurance in the city of Buffalo, county of Erie, at which office

losses are frequently adjusted and settled—and that three material witnesses for the plaintiffs reside in Erie county.

J. Thompson, *for motion.*

J. S. Gibbs, *opposed.*

Bowen, Justice. For the purpose of determining the proper place for the venue in actions by or against the defendants herein, their place of residence is in the county of Saratoga. In their affidavit for the motion, it is alleged that they are a corporation, located and doing business at Saratoga Springs, in Saratoga county, and that their charter provides that the village of Saratoga Springs shall be the place where the office of the company shall be located, and the general business of the company shall be carried on.

I take it for granted, that the defendants were incorporated under the general act passed April 10, 1849, (*Sess. Laws of 1849, p.* 441,) as I find no special act incorporating them. The 3d section of the act of 1849 requires companies proposing to incorporate themselves, to file with the secretary of state a declaration, containing a copy of the charter proposed to be adopted by them. The defendants' charter having prescribed where their general business should be done, they were not authorized to change the place; and the affidavit states that they are in fact located and doing business there. That must be considered their place of residence; and the fact that they have an office in the city of Buffalo, where some of their business is done, does not make them residents there. Their residence is where their general business is transacted. (*See Conroe* agt. *National Protection Ins. Co.,* 10 *How. Pr. Rep.* 403, *and cases cited.*)

So far as regards the motion to change the place of trial, I do not think it necessary to inquire whether the answer was well served without being verified or not. If the venue is in the wrong county, the plaintiffs were in fault in laying it there; and on the demand being made, they should have changed it to

the right county, either by an amendment of the complaint, or by an application to the court for an order changing it.

The fact that the defendants are in default for not answering, is no objection to the motion, when made by the defendants; as, by making the motion, they are doing what the plaintiffs themselves should have done.

Where the convenience of witnesses is the ground of the motion, it is now usually, and probably must be, made after issue joined; but where the venue is laid in a county not authorized by the Code, and the motion is to change it to the right county, I see no reason why it may not be made before issue joined, or at any time thereafter, before trial or before judgment, if no trial is had.

But I think the defendants were not bound to verify their answer. The Code (§ 157) requires, when a pleading is verified by any person other than the party, that the party verifying " shall set forth in the affidavit his knowledge, or the grounds of his belief on the subject, and the reasons why it is not made by the party."

The affidavit verifying this complaint sets forth the reasons why it is not made by the party—to wit, that the action is on a written instrument for the payment of money only, which was in the possession of the attorney making the affidavit, and that the plaintiffs were non-residents of the county; but the attorney has not set forth in the affidavit " his knowledge, or the ground of his belief on that subject." This he should have done in order to have complied with the requirements of the Code; and for the failure in that respect the defendants had the right to treat the complaint as one not verified. (*Treadwell* agt. *Fassett*, 10 *How. Pr. Rep.* 184.) The cases of *Hunt* agt. *Meacham*, (6 *How. Pr. Rep.* 400,) and of *Mason* agt. *Brown*, (*id.* 481,) cited by the plaintiffs' counsel, are not authorities to the contrary, as in the former case the question now under consideration did not arise, and in the latter the affidavit verifying the pleading set forth the grounds of the belief.

The case of *Stannard* agt. *Mattice*, (7 *How. Pr. R.* 4,) in the place of being an authority to the contrary, sustains the posi-

tion above taken. Mr. Justice PARKER, in speaking of the verification of a pleading by the attorney, in his opinion in the last case, says, that " *in all cases* the attorney must state, in his verification, his knowledge, or the grounds of his belief, and the reason why it is not made by the party."

The case of *Roscoe* agt. *Maison*, (7 *How. Pr. R.* 121,) holds, that where the attorney resides in a different county from the party, that is a sufficient reason for allowing the attorney to verify the pleading; and perhaps an inference may be drawn from the case that, under such circumstances, the verification may be made by the attorney, whether he has any knowledge of the facts stated in the pleading, or any grounds for believing they are true or not. But I do not think that the learned justice who wrote the opinion in that case, intended any such inference should be drawn therefrom. The attorney, in his affidavit, swore that the facts stated in the pleading were as well, and some of them more fully, known to him than to the party. Perhaps the justice considered that a sufficient statement of the knowledge of the attorney, or of the grounds of his belief. If otherwise, this case is in opposition to *Stannard* agt. *Mattice*, and *Treadwell* agt. *Fassett*, in the last of which cases I think that Mr. Justice HARRIS has given a correct exposition of the section of the Code under consideration.

The affidavit on the part of the plaintiffs, that they have material witnesses residing in the county where the venue was laid, is no answer to this motion. After the venue is changed to the proper county, the plaintiffs can move to change it back to Erie county, if the convenience of witnesses requires it. On this motion, the convenience of witnesses cannot be considered, or taken into account. The defendants have had no opportunity to be heard on that question, or at least to present any affidavit in relation to it. It may very well be, that a large majority of the witnesses in the cause reside in Saratoga county; and the defendants should have an opportunity to show it, if it be so. (*Park* agt. *Carnley*, 7 *How. Pr. R.* 355.)

That part of the motion asking for an order that the answer served stand as the answer in the cause, must be denied. If

the answer was well served, the order is unnecessary; and should the plaintiffs proceed in the cause, disregarding the answer, the remedy is by motion to set aside the proceedings for irregularity. If it was not well served, the defendants must move the court, as a matter of favor, for leave to answer, notwithstanding the time to answer has expired; and the motion must be founded upon affidavits excusing the default, and showing a defence upon the merits. No merits are sworn to in the affidavits read in support of this motion.

The defendants are entitled to an order changing the place of trial to the county of Saratoga, as the county where it should have originally been laid. No costs are allowed to either party. I am inclined to think, that in cases of this kind, where a plaintiff, after a demand made, does not himself change the venue to the proper county, either by stipulation or an amendment of his complaint, or by an application to the court for that purpose, he should be charged with the costs of the motion when the defendant moves for the change, and that the costs should not abide the event of the action. But in this case, as the defendants have asked for more than they are entitled to, costs should not be allowed.