## SUPREME COURT.

### ALVIN WILKIN agt. WINTHROP W. GILMAN.

The practice of moving to set aside an answer for want of a *sufficient verification* is not to be *commended*, although it may not be improper.

Where the verification is so clearly defective that the attorney is willing to take the risk of treating it as insufficient, the better practice is, promptly to return the answer, with the reasons for not receiving it.

If it be *doubtful* whether the verification is sufficient or not, it is better, generally, to make no question about it, and treat it as sufficient.

In this case, the verification was made by the *attorney*, (it being a proper case,) who stated that his *knowledge* of all the material allegations in the answer was founded on communications made to him by the defendant's son, &c. The language, although inappropriate, was held sufficient. He should have stated his *information* instead of knowledge.

*Albany Special Term, July,* 1856.

MOTION to set aside answer.

The action was for work, labor and services, performed by the plaintiff for the defendant, as foreman and general agent in a tannery. The complaint was duly verified.

The defendant set up in his answer, by way of defence, that, by reason of the plaintiff's want of knowledge, skill and attention, the leather manufactured at the tannery under his superintendence was of poor and inferior quality, in consequence of which the defendant was obliged to sell the same at a price much less than he could have obtained therefor if the plaintiff had exercised due and proper skill and attention in its manufacture. These allegations were made upon information and belief. The verification of the answer was made by the defendant's attorney. The reason why the verification was not made by the defendant was stated to be, the fact that the defendant resides in the city of New-York, and the attorney in the county of Sullivan.

The affidavit of verification states, that "deponent's *knowledge* of all the material allegations in the answer is founded

upon communications made to him by the defendant, through his son." The verification then proceeds to state, that the " answer is true of deponent's own knowledge, except such matters as are stated on information and belief—and, as to those matters, he believes it to be true."

The plaintiff moved to set aside the answer upon the ground that the verification was defective.

JOHN H. REYNOLDS, *for plaintiff.*
RUFUS W. PECKHAM, *for defendant.*

HARRIS, Justice.   This was a proper case for verifying the answer by the attorney.   The defendant did not reside in the same county with his attorney.   The verification itself is in proper form.   The attorney swears that the answer is true of his own knowledge, except such matters as are stated on information and belief—and, as to those matters, he believes it to be true.   But one other thing remained to make the verification complete.   It is required that when a pleading is verified by any other person than the party, he shall set forth, in the affidavit, his knowledge, or the grounds of his belief.   It is insisted that this requirement has not been complied with.   The allegations in the answer are made, not positively, but upon information and belief.   In respect to such allegations, the attorney, in making his verification, was required to state, that he believed them to be true, and also the " *grounds* of his belief on the subject:" in other words, *why* he believed " the allegations to be true."   To meet this requirement, he has stated, that his *knowledge* of all the material allegations in the answer is founded on communications made to him by the defendant's son.   The language is inappropriate.   The attorney had no *knowledge* at all on the subject.   He did not profess or need to have.   What he obviously meant to say was, that the *information* upon which he founded his belief that the allegations of the answer were true, was derived from the defendant's son.   If this had been stated in the verification, I should have deemed it sufficient; and perhaps the language as it stands,

though awkwardly expressed, should, in the exercise of that liberality which the framers of the Code have enjoined, be construed to mean the same thing. If so, the verification is sufficient.

Nor do I think the plaintiff's practice is to be commended. I will not here say that a motion like this, to set aside an answer for want of a sufficient verification, is not proper. An unverified answer, where a verification is required, is an unauthorized pleading, and, as such, perhaps it may be set aside. But the better practice in such cases is, where the verification is so clearly defective that the attorney is willing to take the risk of treating it as insufficient, promptly to return the answer, with the reasons for not receiving it. If it be doubtful whether the verification is sufficient or not, it is better, generally, to make no question about it, and treat it as sufficient.

Upon the whole, I think I shall best dispose of this motion by denying it, without costs to either party.