## FELLOWS vs. THE PRESIDENT & TRUSTEES OF MENASHA.

APPEAL FROM CIRCUIT COURT, WINNEBAGO COUNTY.

Heard February 6.]                    [Decided June 4, 1860.

### Complaint—Evidence—Pleadings.

The courts of this state cannot take notice of the fact that there are county judges in the state of New York, or that they have authority to administer oaths, without some evidence of such a fact, either by the seal of office or a certificate of a proper officer attested by a seal.

A complaint sworn to before a county judge in New York, without any attestation of office, may be treated as though it were not sworn to at all.

The facts in this case may be gathered from the opinion of the court.

*R. P. Eaton* for the appellant.

*Smith, Keyes & Gay* for the respondent.

*By the Court*, PAINE, J. In this case the complaint was served, and purported to have been sworn to before the county judge of Steuben county, New York. An answer was serv-

ed without verification, which was immediately returned by the plaintiff's attorney, who then, the time for answering having expired, moved for judgment, for want of an answer, and moved also to strike out the answer. These two motions seem somewhat inconsistent. But they were both overruled, among others, for the reason that the complaint itself was not verified, and the plaintiff appealed from both orders. We think this decision was correct. There was no authentication of the signature of the county judge, or that he had power to administer oaths. The courts of this state cannot take notice of the fact that there are county judges in New York, or that they have lawful authority to administer oaths. There should in such case be some evidence of these facts, either by the seal of office, as that of a notary public which is recognized everywhere, or by a certificate of a public officer attested by a seal.

The same principles that govern in relation to the execution and acknowledgement of deeds in other states, seem applicable here. If made before officers of those states, their right to act must be authenticated. If made before a commissioner for this state appointed abroad by the governor, the courts here take notice of his authority. And there would seem to be no certainty, or safety in any other practice. Suppose a complaint verified in another state before a register of deeds, clerk of the board of supervisors, town clerk, &c., how can the courts here know whether they were authorized to administer oaths? We cannot, yet if bound to know the powers of one, we must of all.

In the authorities cited by the appellant's counsel it does not appear but that, with the affidavits offered the right of the officers administering the oaths, was properly authenticated.

The orders appealed from are affirmed with costs.