## WHEELER *a.* CHESLEY.

*Supreme Court, First District ; At Chambers, Sept.,* 1862.

### VERIFICATION BY ATTORNEY.

An attorney having possession of a written instrument for the payment of money only, on which action is brought, may verify the complaint, whether the plaintiff be within the same county or not.

The possession of the instrument with information derived from the plaintiff, are sufficient grounds of knowledge and sources of belief.

Motion to set aside judgment.

This was an action by George W. Wheeler against William H. Chesley, upon an acceptance for $240. The plaintiff's complaint was verified as follows :

[VENUE.]—F. C. Bliss, of the city of New York, being duly sworn, says, that he is the attorney for the plaintiff in the above action, that the foregoing complaint is true to his own knowledge, except as to the matters therein stated on information and belief, and as to those matters he believes it to be true. Deponent further says, that the reason why this verification is not made by the plaintiff, is that the action is founded upon a written instrument for the payment of money only, and such instrument is in the possession of deponent, and that his knowledge is derived from said instrument and from information received by this deponent from the said plaintiff, and that the grounds of deponent's belief are the statements of the plaintiff to deponent.

[JURAT.]                                    [SIGNATURE.]

The defendant served an unverified answer, which the plaintiff returned, and entered judgment. The defendant moved to set this judgment aside.

*Charles A. Fowler*, for the motion.

*Francis C. Bliss*, opposed.

BARNARD, J.—The weight of authority is to the effect that an attorney, having possession of the written instrument for payment of money only, on which the action is brought, may verify the complaint, whether he and the plaintiff be within the same county or not ; and that the fact that the action is brought on such an instrument, which is in the attorney's possession, is of itself a sufficient excuse or reason for the attorney verifying the pleading.

The cases, however, are not quite so uniform as to whether it is necessary for the attorney in such cases to insert in the ordinary verification used when a party verifies, in addition to a statement that the action is founded on a written instrument for the payment of money only, and that such instrument is in the deponent's possession, the further statement of the grounds of the knowledge or of the belief of the affiant in the allegations of the complaint. I am, however, of opinion that said further

statement is necessary, and have so held in the case of Soutter *a.* Mather (*Ante*, 440).

In Treadwell *a.* Fassett (10 *How. Pr.*, 184), the judge suggests (but does not decide, as the point did not arise for decision), that the sufficiency of the attorney's knowledge, or the grounds of his belief, in each particular case, is a question for the court to determine. Assuming this suggestion to be correct, I think the grounds of belief set forth in this verification sufficient; it was distinctly so held in Dixwell *a.* Wordsworth (2 *Code R.*, 1). In all cases of actions on written statements for the payment of money only, the very slightest grounds of belief will in my judgment be sufficient.

Motion denied, with $10 costs; with leave to defendant, upon payment of said costs, to move within 20 days after service of this order, to have the judgment opened on the merits, and he be let in to defend.