GEORGE COCHRAN's Executor, etc., et al., Appellants, *v.* OLIVER R. INGERSOLL et al., Respondents.

*It seems* that where a series of orders have been granted by the court all relating to the same subject and so connected with each other that if one is wrong all are wrong, each order being but a part of the whole, the General Term on appeal from one or more of the orders having found them erroneous, may set aside the whole so that the records of the court may be consistent.

(Argued June 13, 1876; decided June 20, 1876.)

THE plaintiffs herein appealed to the General Term from two Special Term orders, the one directing judgment on a *remittitur* from this court, the other denying a motion to vacate the judgment. The General Term reversed the order and also set aside an order of reference granted in pursuance of the judgment, the referee's report and an order confirming the same.

Upon appeal to this court the order of General Term was affirmed without an opinion. Subsequently, a motion was made for a re-argument, which was denied, without an opin-

ion. The motion was renewed. The principal point presented was that the General Term exceeded its power in setting aside orders and proceedings not appealed from. The court held, that there were two reasons why the motion ought to be denied:

First. The same motion has been made and peremptorily denied, and no leave has been given to renew.

Second. The *remittitur* having gone to the court below and having been filed there before the papers in this motion were served, the court has lost jurisdiction. But the court say there was no error committed by the General Term, as all the orders reversed and set aside were but a series connected with the same matter, and were but parts of the same theory, so that if one was erroneous all were, and that, in such case, the General Term was authorized to set aside the whole — leaving the records of the court clear and consistent — and that, therefore, if the court had jurisdiction it would refuse either to give leave to renew the motion for a reargument or would deny it if made.

*P. V. R. Stanton* for the appellants.

*Winchester Britton* for the respondents.

Order affirmed. No opinion.
All concur.
Order affirmed.
On second motion for reargument FOLGER, J., reads for denial of motion.
All concur.
Motion denied.