KNOWLES and another vs. FRITZ.

*September 5 — September 25, 1883.*

*(1) Verification of answer, how compelled. (2) Affidavit of merits;. when necessary on setting aside judgment.*

1. In order to compel the verification of the answer the copy of the· complaint served upon the defendant must include a copy of the verification thereof, and, if such verification was made in another· state, and before an officer of such state, a copy of the certificate required by sec. 4203, R. S.
2. A judgment as by default, taken by the plaintiff after the *action was at issue*, should be set aside on defendant's motion, without regard to the merits of the answer and without any affidavit of merits.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is thus stated by Mr. Justice TAYLOR:

"This action was brought to recover for goods sold and delivered between September 10, 1879, and November 25 of the same year. The action was commenced by the service of a summons, February 9, 1881, and the defendant appeared by his attorney, and on February 28, 1881, demanded that a copy of the complaint be served upon him. March 10th a copy of the complaint was served upon the defendant's attorney. Such copy contained the following as a copy of the verification thereof:

" '*State of Illinois, County of Cook, ss.:*

" ' *Charles Cloyes*, being duly sworn, doth depose and say that he is one of the plaintiffs named in the foregoing action and complaint, and that he makes this verification as well on his own behalf as on behalf of his co-plaintiff; that he has heard read the above and foregoing complaint, and knows the contents thereof, and that the same is true of his own .knowledge, except as to the matters therein stated on in-

formation and belief, and as to those matters he believes it to be true. CHARLES CLOYES.

"'Subscribed and sworn to this 14th day of February, 1881. Sworn before me. J. W. UPPERCU,

"'[L. S.] . Notary Public.'

"And immediately before the copy of said verification were the following words: 'Certificate of clerk of court of record under seal attached.' March 26th the defendant served an unverified answer to the said complaint. The answer served is a general denial. March 28th the plaintiffs' attorney returned the answer to the defendant's attorney, stating as a reason for its return that it was not verified. April 30th the plaintiffs entered up judgment against the defendant for the amount of their claim and interest, and $23.80 costs, without any notice of application for judgment given to the defendant's attorney; the plaintiffs' attorneys treating the case as though no answer had been •served therein. June 11, 1881, the defendant moved the court to set aside the judgment, and all subsequent proceedings, for irregularity: (1) Because the defendant appeared in said action by attorney and duly served an answer to the plaintiffs' complaint within twenty days from the time of the service of the complaint, and formed an issue therein; (2) the damages were assessed by the computation of interest without notice; (3) because the costs were taxed without notice to the defendant's attorney. This motion was supported by the affidavit of the defendant's attorney, setting up the facts above stated in regard to the service of the copy of complaint in the case, and of the answer of the defendant thereto, and also showing that the costs were taxed and inserted in the judgment without notice to the defendant. There was also served upon said motion what the defendant claims to be a good affidavit of merits. The motion was denied, with costs, and from the order denying the same the defendant appealed."

For the appellant there was a brief by *H. F. Rose*, with *A. M. Blair*, of counsel, and oral argument by *Mr. Blair*. For the respondents the cause was submitted on the brief of *Giffin & Williams*. They argued, *inter alia*, that the defendant was only entitled to relief upon producing and serving a proper affidavit of merits, or at least a properly verified answer showing merits. *Mowry v. Hill*, 11 Wis., 146; *Butler v. Mitchell*, 15 id., 355; *Omro v. Ward*, 19 id., 232; *Holden v. Kirby*, 21 id., 149; *Pinger v. Vanclick*, 36 id., 141; *Bonnell v. Gray*, 36 id., 574; *Stilson v. Rankin*, 40 id., 527.

TAYLOR, J. The material question upon this appeal is whether, upon the copy of the complaint served, the defendant was called upon to answer the same under oath. The statute provides that " when any pleading is verified, every subsequent pleading, except a demurrer, must be verified also." Sec. 2665, R. S. 1878. And sec. 2633, R. S. 1878, provides that " a copy of the complaint may or may not be served with the summons at the plaintiff's option. If not so served, the defendant may, in person or by attorney, within twenty days after service of the summons, demand in writing a copy of the complaint, specifying a place embracing a post-office address within the state where it may be served, and a copy of it shall be served within twenty days thereafter, accordingly." It will be seen that the statute does not expressly direct.that the copy of the complaint served shall contain also a copy of the verification, if the same be verified, but it seems to us very plain that such must be the true practice. If the plaintiff desires a verified answer to his complaint, he is required to verify his complaint in such way as to entitle him to such answer, and he must notify the defendant in some way that his complaint is so verified. To hold otherwise would be to compel the defendant to answer under oath in every case, or take the risk of having his

answer returned if unverified, and judgment taken against him by default, as was done in this case. This shows that the fact that the original complaint is verified does not of itself call for a verified answer from the defendant, but in addition to that the defendant must be informed in some way by the plaintiff that it is so verified.

· The statute does not direct the plaintiff to exhibit the original complaint with its verification to the defendant, so that he may be informed from such exhibition thereof whether it be verified or not. He may keep the same in his pocket, and need not file it with the clerk of the court in which the action is pending until ten days after the answer is served. Sec. 2632, R. S. 1878. But the plaintiff is required to serve upon the defendant a copy of his complaint when demanded, and the defendant, upon such service, is required to answer the same within twenty days, and if the complaint be verified he must verify his answer. The only evidence the plaintiff is required to give to the defendant of the fact of the verification of his complaint is by giving him a copy thereof. It is evident, therefore, if he wants a verified answer, that the copy of the complaint served must' show on its face that the same is verified according to law; and if the copy served does not show that fact, the defendant may treat the same as unverified and answer accordingly. He is not bound to search the original complaint to find out that fact, even if he has the power to compel the plaintiff to exhibit it to him before he answers the same. He has the right to determine from the copy served on him whether it is so verified as to require him to verify his answer. This was the rule established by the decisions of the courts of New York before the adoption of the code in this state, and is still the rule there. *Trowbridge v. Didier,* 4 Duer, 448; *Williams v. Riel,* 5 Duer, 601; *Hughes v. Wood,* in note to last case, p. 603; *Quin v. Tilton,* 2 Duer, 648; *Graham v. McCoun,* 5 How. Pr., 353; *Barker v. Cook,* 40 Barb., 254;

*Treadwell v. Fassett,* 10 How. Pr., 184; *Hubbard v. Nat. P. Ins. Co.,* 11 How. Pr., 149; *Tibballs v. Selfridge,* 12 How. Pr., 64; *Wilkin v. Gilman,* 13 How. Pr., 225; *People ex rel. v. Allen,* 14 How. Pr., 334; *Reyser v. McCormack,* 7 Hun, 300; 2 Wait's Pr., 302, and cases cited; Voorhies, N. Y. Annotated Code (10th ed.), 239, and cases cited.

The New York Code of Procedure of 1877 has a new section (§ 528) upon this subject; it reads as follows: "The remedy for a defective verification of a pleading is to treat the same as an unverified pleading. When the copy of a pleading is served without a copy of a sufficient verification, in a case where the adverse party is entitled to a verified pleading, he may treat it as a nullity, provided he gives notice, with due diligence, to the attorney of the adverse party, that he elects so to do." Mr. Throop, in his note to this section, says it is new, but in accordance with the existing practice. The case of *Reyser v. McCormack, supra,* was decided after the section was enacted, and it was held in that case that when the complaint served did not show a sufficient verification, the defendant might treat it as an unverified pleading and answer without verification. This is generally understood to be the rule of practice in this state, and the New York cases are approved by the decisions of this court so far as they have any bearing upon the question of practice involved in the case at bar. *Crane v. Wiley,* 14 Wis., 658, 663; *Morley v. Guild,* 13 Wis., 576, 579; *Fellows v. Menasha,* 11 Wis., 558; *Bank v. Hogan,* 21 Wis., 317.

It may be said that in none of the cases in this court was it decided that the copy of the complaint served must show that it was properly verified in order to call for a verified answer, but it is clear that in every case the defendant must have proceeded upon the information derived from the copy served, and not from an inspection of the original.

The rule laid down by the court in the case of *Trowbridge v. Didier,* above cited, is undoubtedly the true one. The

copy of the complaint served is the complaint upon which the defendant has the right to act, and if that does not show a proper verification he need not verify his answer; and if the copy shows a proper verification, and he answers without oath, he then takes the risk of showing that notwithstanding the copy served showed a verification, the original was not, in fact, verified. But when the copy served fails to show a verification, he may rely upon that and may answer without verification, and he does not in such case take the risk as to the fact of the verification of the original. The plaintiff is estopped from insisting that his complaint is verified, when the copy served does not show that fact.

Does the copy of the complaint served in this case show that it was verified according to law? We are clearly of the opinion that it does not.

In the case of *Fellows v. Menasha, supra*, this court held that a complaint sworn to before a county judge in New York, without any attestation of office, may be treated as though not sworn to at all; and in the case of *Sloane v. Anderson*, 57 Wis., 123, it was held that an affidavit purporting to be made in the state of Illinois, and sworn to before a notary public in that state, not authenticated as required by sec. 4203, R. S. 1878, could not be treated as an affidavit in an action pending in this state. See, also, *Hayes v. Frey*, 54 Wis., 503; *Ely v. Wilcox*, 20 Wis., 523.

It is clear, therefore, the copy of the complaint served in this case did not show that the verification was made in such a way as to entitle it to have any effect as a verification of the complaint, unless we hold that the memorandum written immediately below the verification, viz., " certificate of clerk of court of record under seal attached," is sufficient evidence that the same was so certified. We think this is entirely insufficient. At best it is only the opinion of the person who wrote it, that it was properly certified. The defendant is not under any obligation to take the opinion

of any one on that point. He is entitled to see a copy of such certificate and then judge for himself whether it be sufficient to make the verification a proper one under the law. It was well said by the learned counsel for the appellant: "If such memorandum be sufficient to compel the defendant to take notice of the fact that the complaint is duly verified, then a memorandum at the foot of the complaint stating that it was duly verified, without giving any copy of the verification itself, would be a sufficient notice to the defendant of that fact, and in every such case he would be compelled to answer under oath, or take the risk of showing that the complaint was not, in fact, verified." We think the just rule of practice is the one laid down in New York, and that the plaintiff, if he wishes to compel an answer upon oath to a complaint served either with the summons or upon a demand therefor by the defendant, he must serve a copy of the verification with the copy of the complaint, and where the verification is sworn to in another state, and before an officer of such state, a copy of the certificate of the authority of the officer taking the same, required by said sec. 4203, must also be served, so that the defendant may judge for himself whether the same be properly verified. There being no copy of the certificate of authority served with the complaint in this case, it did not appear upon the copy complaint served that it was properly verified as required by law, and the defendant was at liberty to treat it as unverified and answer accordingly.

In this view of the case the defendant was not in default when the judgment was entered, but the action was at issue and he was entitled to have the issue raised by the answer tried. The judgment was irregularly entered, and the defendant was entitled to have it set aside without regard to the merits of the answer, and without filing any affidavit of merits.

This view of the case renders it unnecessary to discuss the

other questions raised in the case by the counsel for the appellant.

While we may have serious doubts whether the defendant has any meritorious defense to the action, the case involves a question of practice of considerable importance, which we do not feel at liberty to disregard.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with directions to the circuit court to set aside the judgment in the action.

