Hunt, Respondent, vs. Miller, imp., Appellant.

*December 20, 1898 — January 10, 1899.*

*Pleading: Service of incorrect copy: Demurrer: Definiteness: Terms of allowing answer: Tax deeds: Seal.*

1. A party has a right to rely upon the copy of the pleading served upon him as being a true copy, and for the purposes of his demurrer that copy, and not the original on file, will be considered the pleading demurred to.
2. In an action by the holder of a tax deed to bar the former owner of the land, a complaint alleging that the deed was executed by the county clerk pursuant to law, and setting out a copy of it, which recites "I, C. E., county clerk, have executed this deed . . . and affixed the seal of the board of supervisors," followed by his signature with the word "[Seal]," sufficiently shows that the proper seal was affixed.
3. The failure of the complaint in such action to state what parts of the gross sum of subsequent taxes were paid upon the respective parcels of land therein described, does not render it liable to general demurrer, but at most to a motion to make more specific.
4. An order overruling a demurrer, which limits to ten days the time to answer and requires the case to be on the calendar for the current term, is within the discretion of the trial court.

Appeal from an order of the circuit court for Douglas county: A. J. Vinje, Circuit Judge. *Affirmed.*

Appeal from an order overruling a general demurrer to the complaint upon a tax deed to bar former owners. The defects suggested are that in the copy of the tax deed, as set forth in the copy of the complaint served on this defendant, there was nothing to indicate the existence of the seal of the county board. Examination of that copy, which is in the records, shows that after the county clerk's signature is the device " [Seal]." The attesting clause contains the recital that the clerk has affixed the seal of the board of supervisors. Upon the copy of that deed set out in the *original* complaint on file, there was, in addition, a scroll inclosing the

words, "Seal of the Board of Supervisors, Douglas County, Wis." It is further objected that the complaint, which was based on two separate certificates, states only the gross amount of taxes paid subsequently to the issue of the certificates, and does not disclose what amount was paid on each parcel. The order of the circuit court, overruling the demurrer without costs to either party, permitted the plaintiff *instanter* to correct the copy of the complaint which had been served on the defendant *Miller*, by inserting therein the scroll seal so as to conform it to the original complaint, and ordered that defendant answer within ten days, and the case be put on the trial calendar at the then term of court.

For the appellant there was a brief by *Ross, Dwyer & Hanitch*, and oral argument by *W. D. Dwyer*.

For the respondent there was a brief by *A. B. Ross*, and oral argument by *E. F. McCausland*.

DODGE, J. 1. The argument in this court proceeded upon the assumption that the copy of the complaint served on the defendant *Miller* did not state a cause of action, because of absence of the county board seal on the deed therein set forth; and the contention of the respondent was to the proposition that, nevertheless, the demurrer was properly sustained, for the reason that the original complaint on file was not defective in that respect. We do not agree with this contention, but hold that, for the purposes of the demurrer, the copy of the complaint served on the defendant *Miller* is the document under consideration; that a party has a right to rely upon the copy of the pleading served upon him as a true copy; and that the party serving it is estopped from contending that the original paper differs therefrom,— predicating this view upon *Knowles v. Fritz*, 58 Wis. 216. We therefore consider the copy of the complaint served upon the defendant *Miller* as the document demurred to.

The question raised by the general demurrer is whether

the copy of the complaint delivered to this defendant fairly notifies him of facts claimed to exist sufficient to constitute a cause of action; and as no failure in that respect is pointed out, except the absence of any attempted fac simile of the seal of the county board from the copy of the deed as set forth in said copy of the complaint, the exact question is whether the complaint as served upon him notifies him that plaintiff claims title under a deed claimed to have been duly executed and sealed by the county clerk. The complaint alleges that the deed was "made, executed, and delivered to the plaintiff, by the county clerk of Douglas county, pursuant to law." The deed recites: "I, Christian Eimon, county clerk, have executed this deed, . . . and affixed the seal of the board of supervisors." His signature is then indicated thus: "Chris. Eimon. [Seal.]" It was held by this court in *Dolan v. Trelevan*, 31 Wis. 147, that such allegations would suffice, even though no intimation, such as the letters "[L. S.]," or the word "[Seal]," or any attempted fac simile of the county board's seal, appeared on the copy of the deed set forth; for the reason that the recitation in the attestation clause sufficed to notify the defendant that the original deed was duly sealed. It is not necessary in this case to go so far as in that, for here, upon the face of the paper, defendant is notified that the deed bears some kind of a seal, and, by application of the liberal intendments accorded pleadings under our statute, it is fairly inferable that the seal so affixed is the seal required by law and referred to in the attestation clause.

2. The failure of the complaint to state specifically what parts of the $92.72 of subsequent taxes were paid upon the respective parcels of land, if material, at most served only to render the complaint obnoxious to a motion to make more specific. It is no ground for general demurrer.

3. The provisions of the order limiting the time for answer to ten days, and directing that the case be on the trial calendar for the then current term, were within the sound

discretion of the circuit court, in the exercise of which we discover no abuse.

*By the Court.*— Order overruling demurrer affirmed.

BARDEEN, J., took no part.