## SUPREME COURT.

### Mason agt. Brown.

A motion to change the place of trial on the ground that the proper county is not designated, may be made *before* issue joined, while a motion to change it for the convenience of witnesses can only be made *after* issue joined.

*It seems,* that the alteration of the 126th section of the Code (in 1851) has abolished the distinction between the " *venue* " and the " *place of trial;*" so that now the venue can no longer be in one county and the place of trial in another.

Therefore, it would be an idle ceremony to change the venue to the proper county upon the application of one party, when it is made to appear by the other party that the convenience of witnesses requires that the trial should be had in some other county. (*The case of Moore agt. Gardner,* 5 *How.* 243, *approved, as correct as the law then stood, but not necessarily applicable since the change.*)

The affidavit of an *attorney* verifying a pleading is good, where the action or defence is founded on a written instrument *in his possession* (*Code,* § 157).

Not necessary in such case, to show that he has personal knowledge of all the material allegations of the pleading.

Where witnesses reside within one mile of the place where it is sought to have the trial take place, they are not to be disregarded in determining the place of trial, because they do not reside in the same county.

*Albany Special Term, January* 1852. *Motion to change the venue.* The action was brought upon a promissory note. The plaintiff resided in the state of New Hampshire. The defendant resided in the county of Madison. The defendant's attorney, before the time for answering had expired, served on the plaintiff's attorney a demand in writing that the trial be had in the proper county. The venue was laid in the county of Albany. The defendant's answer was served on the 24th of November 1851, by mail. The plaintiff's attorney served on the defendant's attorney a reply which was received by him on the 2d of January 1852. He immediately notified the plaintiff's attorney that he refused to receive it on the ground that the same was not duly verified.

The defendant had answered upon oath. The affidavit of verification subjoined to the reply was made by the plaintiff's attorney. It stated " that the reply is true of the defendant's own know-

36

Mason agt. Brown.

ledge, except as to matters stated upon information and belief, and as to those matters he believes it to be true; that the ground of his belief is information derived from Willard Lawrence, the payee of the note mentioned in the complaint, and which he believes to be true; that the action is founded upon a written instrument, which is in the possession of the attorney; that the reason why the affidavit was not made by the plaintiff was that he resided at Nashua in the state of New Hampshire, and was not present to make it."

On the 6th of January the plaintiff's attorney served on the defendant's attorney, notice of a motion for an order directing the trial to be had in the county of Albany, founded upon an affidavit showing that the cause of action arose at Greenbush, within one mile of the city of Albany, where four material witnesses for the plaintiff resided. Subsequently the defendant's attorney served notice of a motion to be made at the same time, to change the venue and place of trial to Madison, on the ground that Madison was the proper county. The motions were heard together. In opposition to the plaintiff's motion an affidavit was read, stating that the defendant had six material witnesses in the county of Madison.

G. W. PECKHAM, *for Plaintiff.*

G. W. GRAY, *for Defendant.*

HARRIS, Justice.—As the plaintiff was a non resident, the county of the defendant's residence was "the proper county," for the venue (*Code*, § 125, 126). Having made the demand in the manner prescribed by the 126th section, the defendant was entitled to have the venue changed; and had his motion been made before the plaintiff was in a situation to present the question in reference to the convenience of witnesses, it must have been granted. The motion to change the place of trial on the ground that the proper county *is not* designated, may be made *before* issue joined, while the motion to change it for the convenience of witnesses, can only be made *after* issue joined.

In Moore agt. Gardner (5 *Howard* 243), it was held that the plaintiff, on receiving the demand that the trial should be had in the proper county, should have consented that the *venue* be

Mason agt. Brown.

changed, and then have moved to change the place of trial for the convenience of witnesses. It does not appear from the report of that case whether at the time the motion was made, the action was or was not at issue. But even if the action had been at issue, the decision was right. The distinction between the *venue* and the *place of trial* then existed. Wherever the trial might be had, the record was to remain in the county of the venue. It was the right of the parties to have the venue in the proper county, even though the trial should be had elsewhere.

But the recent alteration of the 126th section of the Code seems to have abolished the distinction between the venue and the place of trial. It is now provided that when the place of trial is changed, the record is to go with it, so that now the venue can no longer be in one county and the place of trial in another. It would, therefore, be but an idle ceremony to change the venue to the proper county upon the application of one party, when it is made to appear by the other party that the convenience of witnesses requires that the trial should be had in some other county. This, I think, is the predicament of the case before me.

Although the defendant swears that he has six material witnesses residing in Madison, and the plaintiff has but four in Greenbush, I am satisfied from the character of the transaction and the pleadings in the case, that the convenience of witnesses requires that the trial should be had in Albany, rather than Madison. The transaction which resulted in the giving of the note which is the foundation of the action, occurred at Greenbush. The case presented by the plaintiff in his reply would entitle him to recover, if established by proof, even though the defence upon which the defendant relies should be proved also. The plaintiff's witnesses were present at the transaction in Greenbush, and it may well be that they will all be necessary to sustain his case. On the contrary, the defendant's witnesses are all required, according to his affidavit, to show the quality, condition and value of the hogs, on account of which the note was given, after they were taken to the city of New York. In view of the whole case, I am satisfied that the place of trial ought not to be changed, unless the question is to be controlled by other considerations presented by the defendant's counsel upon the argument.

Mason agt. Brown.

It is insisted that the plaintiff is not in a situation to present the question upon the convenience of witnesses, for the reason that no valid reply has been put in, and that, therefore, the cause is not at issue, or, if at issue, that the allegations of the answer, by way of defence, are admitted. This objection, if sustained by the facts, would, undoubtedly, be well taken. Though it has been the occasion of a diversity of opinion among judges, I think it is now pretty well settled that a motion to change the place of trial for the convenience of witnesses, before issue is joined, is premature (Lynch vs. Mosher, 4 *How. Pr. R.* 86; Barnard vs. Wheeler, 3 *id.* 71; Clark vs. Pettibone, 2 *Code Rep.* 78; Hartman agt. Spencer, 5 *Howard,* 135; Mixer vs. Kuhn, 4 *id.* 409).

But I think this cause was at issue when the notices of these motions were served. The defendant's attorney gave notice that he should not accept the reply, on the ground that it was not properly verified. Even assuming that the verification was defective, it may be doubted whether the defendant's attorney had the right to decide that question for himself. But conceding that he might, his decision certainly is not conclusive upon any body else, and if it should appear that he was mistaken, the pleading must be held to be regular. The ground upon which the verification was regarded as defective by the defendant's attorney was, that the material allegations in the reply were not within the personal knowledge of the attorney. The defendant's attorney could not have carefully noticed the provisions of the 157th section of the Code in this respect. The affidavit of the attorney is allowable in two cases; when the action or defence is founded on a written instrument in his possession, and when all the material allegations of the pleading are within his personal knowledge. The plaintiff's attorney shows his right to make the affidavit under the former of these provisions. Of course it is unnecessary for him to bring himself within the latter.

Nor do the authorities cited by the defendant's counsel sustain his position that because the plaintiff's witnesses do not reside in Albany they are not to be regarded in determining the question of venue (Peet vs. Billings, 2 *Wend.* 282; Bank of St. Albans, vs. Knickerbacker, 6 *id.* 541; Hull vs. Hull, 1 *Hill*, 668; Brittan vs. Peabody, 4 *Hill*, 68, *note*). All that has ever been

decided on this subject is, that it will be deemed most convenient for witnesses to attend court in the county in which they reside, even though their place of residence may be nearer the court house in some other county. It has never been held that, in a case like this, where the witnesses reside within a mile of the place where it is sought to have the trial take place, they are to be disregarded in determining the place of trial because they do not reside in the same county. The plaintiff is entitled to have the trial in Albany, and the prevailing party upon the trial is entitled to ten dollars for the costs of these motions.