## SUPREME COURT.

### PARK agt. CARNLEY, SHERIFF.

Where the action is local, and the complaint lays the venue out of the proper county. The defendant on showing that fact, is entitled to an order changing the venue to the proper county.

And the plaintiff can not come in and oppose that motion upon the ground of convenience of witnesses. (*The case of Mason agt. Brown*, 6 *How. Pr. R.* 481 *considered as sui generis, and not applicable to ordinary motions of this kind.*)

*Brooklyn Special Term, November* 1852. The action was brought against the sheriff of New York for an act done by him in virtue of his office. The venue was laid in Dutchess county.

Park agt. Carnley.

The defendant now moves to change the place of trial to the city of New York. The plaintiff resists the motion on the ground of convenience of witnesses.

——— ———, *for Plaintiff.*

——— ———, *for Defendant.*

Barculo, Justice.—The proper county for the trial of this cause, according to the Code, is the city of New York (§ 124). The plaintiff ought, therefore, to have named that place in his complaint as the place of trial; and not having done so, it would be a matter of course to order that done which ought to have been originally done. But he seems to suppose that the case of Mason agt. Brown (6 *How. Pr. R.* 481), justifies him in opposing this motion on the ground of the convenience of witnesses. I think, however, that he misapprehends the import of that case. There were two motions heard together. In one of them the defendant moved to change the venue to Madison county, stating that he had six material witnesses residing there. In the other, the plaintiff swore to four material witnesses in Albany county. The court, upon a view of the whole facts, decided that the latter county was the proper place of trial. That was a case *sui generis*, and inapplicable to ordinary motions of this character.

In the present case, the defendant shows that the action is local, and that it has been commenced in the wrong county. He does not state where his witnesses are; for he was not required to state any thing upon that subject. It is sufficient for him to show, that the suit ought to have been commenced in New York, to entitle him to this motion. After the parties are put right in this respect, either of them has the privilege, at the proper time, to come in and ask to be heard as to the convenience of witnesses; and if it shall then appear that Dutchess county is the proper place for trial, the cause will be sent there. But on this application I can not consider the plaintiff's affidavits as to witnesses. The defendant has not had an opportunity to meet them by opposing affidavits; and the motion is not in a condition to be heard on that subject. Motion granted with ten dollars costs.