Rgmsey, J.
The action of ejectment is local, and the place of trial stated in the complaint should, in first instance, be the county in which the lands are located, which, in this ease, is Kings (Code Civ. Pro. % 982); and if not so laid, the defendant may, at or before service of answer, serve a demand that it be tried in the proper county, and if plaintiff does not comply with such demand, may move to change the place of trial, as he does in this case (Id. § 986).
There is no substantial difference between the old and the new Code, in regard to the place of trial to be stated in the complaint, and the manner in which it is *248 to be changed when improperly named in complaint. The right to have it placed in the proper county in the first instance has always been regarded as absolute in favor of defendant, and the courts have so treated it when the motion is made in due time, without regard to any other considerations.
In Moore v. Gardner (5 How. Pr. 243), on a motion -to change place of trial when it was not laid in the proper county, the plaintiff read an affidavit that he had witnesses in the county named in complaint, and asked to retain the place of trial there, but Judge Gbidley held the place of trial must be named in the proper county, irrespective of the convenience of witnesses, and if the convenience of witnesses required it to be changed, the party must make his motion for that purpose.
In Stark v. Bates (12 How. Pr. 465), Judge Mitchel holds that in actions affecting the title to lands, it was a matter of right to have the place of trial changed to the proper county on the motion of one defendant, even where another defendant makes an affidavit in opposition to the motion (See also on same point the case of Wood v. Hollister, 3 Abb. Pr. 14, and the authorities cited in the note on p. 14).
In Hubbard v. National Protection Ins. Co. (11 How. Pr. 149), the rule is held as in 5 How. Pr. 243, ante, and the reason given is that the Code required it to be changed to the proper county, and if the question of the convenience of witnesses arises in the case, it should be on an independent motion, where it can be fairly met.
The same reason applies when the inquiry comes up whether an impartial trial can be had in the proper county after the place of trial is located there.
The only authority cited by the plaintiff to sustain his opposition to this motion is Mason v. Brown (6 How. Pr. 481, decided January, 1852), where there *249 seem to have been two motions: one to change place of trial on demand of defendant; the other by plaintiff, to retain the place of trial in the improper county named in complaint, for convenience of witnesses.
Both motions were heard together on the merits, and the decision is placed on the ground that all the facts were before the court, and it would be an idle ceremony to change the place of trial in one motion, and then move it back in the other.
This case is authority against, rather than for, the plaintiff, for the court holds that if the action was not at issue, the plaintiff could not have made Ms motion to retain the place of trial in Albany county; that he would not be in condition to do so until the issues were formed. No answer has been served in this case, and the plaintiff cannot, until it is served, move to change place of trial, either for convenience of witnesses or because an impartial trial cannot be had in Kings county.
If he is not in condition to make a motion for these causes, he cannot use them to oppose this motion, and the case of Mason ». Brown so holds.
The case of Mason v. Brown has never been held as an authority that the plaintiff could oppose this motion in the manner he proposes.
The court, in Park v. Conley (7 How. Pr. 355), says it was decided on the peculiar circumstances of the case, and disregarded it as an authority for the purpose for which this plaintiff cites it, and it was also disregarded in all the subsequent cases where the same question arose (Stark v. Bates, 12 How. Pr. 465; Wood v. Hollister, 3 Abb. Pr. 14, and note; Hubbard v. National Protection Ins. Co., 11 How. Pr. 149).
Upon the authorities, therefore, I am compelled to hold that, as issue is not joined in the case, the plaintiff is not in a condition now to claim the place of trial should be changed to Monroe county, if it was else *250 where; and that if he was in condition to do so, he could not do it on this motion.
Aside from authority, it would be novel and unsafe practice to allow plaintiff to disregard a positive statute, and then set up the fact he seeks to in opposition to this motion, when the defendant has no fair chance to meet such facts by opposing affidavits.
Motion granted, with $10 costs to defendant.