HERMAN VEEDER, Respondent, v. BENJAMIN M. BAKER, Appellant.

As an action under the manufacturing act (§ 15, chapter 40, Laws of 1848), against an officer of a corporation organized under it, to recover a debt of the corporation, on the ground that such officer has signed a false report, is a penal action, it is local (Code of Civil Procedure, § 983) and must be tried in the county where the cause of action or some part thereof arose.

As the cause of action is solely the false report, it arises in the county where said report was made and filed, and the venue should be laid in that county, although the debt against the company may have originated in another.

The right of the defendant in such an action to have the place of trial changed to the proper county, where the venue is laid in another, is an absolute one, and his motion to secure that right cannot be defeated by proof showing that the convenience of witnesses and the ends of justice would be promoted by retaining the place of trial as stated in the complaint.

It *seems* that the proper practice in such case is to order the change upon defendant's motion, and then if plaintiff desires a change on the grounds upon which such change is authorized by the Code (§ 987) he must make his motion.

In such an action where the venue had been laid in the wrong county, defendant served with his answer a demand that the venue be changed to the proper county, and this not having been complied with, moved to change both on the ground that the wrong county was stated, and for the convenience of witnesses. Plaintiff demurred to one of the defenses set up in the answer. The demurrer and the motion were argued together, the former was overruled on the ground that the complaint did not state a cause of action, and the motion was denied. Plaintiff served an amended complaint ; defendant answered, serving with his answer a new demand to change the place of trial to the proper county, this not having been complied with he moved to make the change, the motion was denied on the ground that a similar motion had been made and denied, and no leave to renew granted. *Held*, untenable; that as when the motion was first made the complaint stated no cause of action the motion could and it may have been denied on that ground, and when a sufficient complaint was served defendant was entitled to make a new demand and another motion without leave of the court.

(Argued November 30, 1880 ; decided December 7, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made September 24, 1880, affirming an order of Special Term which denied a motion to change the place of trial in this action from the county of St. Lawrence to the county of Monroe.

The nature of the action and the facts are set forth sufficiently in the opinion.

*J. C. Cochrane* for appellant. This is an action for a penalty. (*Merchants' Bk.* v. *Bliss*, 35 N. Y. 412.) The party is to be tried in the county where the act was done by which the liability was incurred. (*Leland* v. *Hathorn*, 42 N. Y. 547.) A debt is never local, it is transitory and follows the residence of

the debtor. (Graham's Pr. [2d ed.] 195.) The debt gives the creditor a standing in court as a party, but the offense is the cause of action or liability imposed by the statute. ( *Wiles* v. *Suydams*, 64 N. Y. 177.) There being a new complaint, a new answer, a new cause of action and a new issue, the defendant, as a matter of right, could make a new motion. (*Erie R. R.* v. *Rumsey*, 57 Barb. 440; *Belmont* v. *Erie Railway Co.*, 52 id. 637.)

*Edward C. James* for respondent. Where any element of discretion enters into the decision of the court below the order is not appealable. (76 N. Y. 629.) The place of trial of local actions is subject to the power of the Supreme Court, to change it where the convenience of witnesses and the ends of justice will be promoted by the change. (Code, § 987; id., § 985.) The facts required the court to exercise its discretion whether, under the circumstances, it would make the change. (7 How. Pr. 385.) That discretion will not be reviewed. (76 N. Y. 629; 53 id. 322.) The debt was an important part of the cause of action. (27 N. Y. 297, 300; 68 id. 34, 38–39; 62 id. 202, 205; 63 id. 62, 73; 50 id. 137.) The former order was conclusive upon the parties unless appealed from and reversed. (25 N. Y. 203; 74 id. 378–379; 14 Abb. Pr. 56, 61.) The court, in its discretion, properly denied the former motion, although the greater number of witnesses resided in Monroe, because it was satisfied that the proposed change would work injustice and oppressive delay. (Code, § 987; *King* v. *Vanderbilt*, 7 How. Pr. 385.) The decision on the demurrer did not, in any wise, affect defendant's right to appeal from the order denying the change of venue, and charging him with costs of motion. (74 N. Y. 378; 25 id. 203.)

EARL, J. The plaintiff was a creditor of the Rochester Iron Manufacturing Company and commenced this action against the defendant, who was president of the company, to collect of him his debt against the company, on the ground that the annual report filed and published by him, as required by sec-

tion 12 of the act, chapter 40 of the Laws of 1848, was false in its material representations. The place of trial was stated in the complaint to be St. Lawrence county. The defendant answered, and with his answer served a demand that the place of trial be changed from the county of St. Lawrence to the county of Monroe. A few days after such demand, the plaintiff demurred to one of the defenses set up in the answer. About the same time, the plaintiff not having consented to the change demanded, the defendant served notice of motion for such change, with an affidavit setting forth the names of a number of material witnesses residing in Monroe county, and he based his motion both upon the ground of the convenience of witnesses and the claim that that county was the proper county for the trial. Both the demurrer and the motion came on to be heard at the same Special Term. The court overruled the demurrer, on the ground that the complaint did not state a cause of action, giving plaintiff leave on payment of costs to amend his complaint, and it denied defendant's motion, with ten dollars costs, giving no reason for such denial. The defendant took no appeal from the order denying his motion, and paid the ten dollars. The plaintiff paid the costs imposed upon him, and served an amended complaint. The defendant again answered, serving with his answer a new demand that the place of trial be changed to the county of Monroe. This demand not having been complied with, he made a motion to change the place of trial to that county, which was denied. He then appealed to the General Term, and there the order appealed from was affirmed, on the ground, as stated in the opinion there pronounced, that a similar motion had previously been made and denied, no leave having been granted to renew the motion. He then brought this appeal to this court.

Section 12 of the act of 1848 makes it the duty of every manufacturing company organized under that act to file and publish a report, which shall contain the matters prescribed, which report shall be signed by the president and a majority of the trustees, and verified by the oath of the president or secretary. Section 15 provides that if such report " shall be

false in any material representation, all the officers who shall have signed the same, knowing it to be false, shall be jointly and severally liable for all the debts of the company contracted while they are stockholders or officers thereof." The claim of the plaintiff is that the defendant, with other officers of the company, made and filed a false report, and he seeks to make him liable in this action for his debt against the company under that section. That such an action is a penal action, is no longer open to question in this court. The statute imposes upon the officers of such a company, as a penalty for a false report, liability for the debts of the company. (*Merchants' Bank* v. *Bliss*, 35 N. Y. 412; *Jones* v. *Barlow*, 62 id. 202; *Wiles* v. *Suydam*, 64 id. 173.) The defendant therefore claims that as the iron company was located in Monroe county and the false report was made and filed there, that county was the proper county for the trial of the action, under section 983 of the Code, which provides that an action to recover a penalty or forfeiture imposed by statute must be tried in the county "where the cause of action or some part thereof arose." This cause of action arose in Monroe county. The false report was there made and filed, and the penalty was there incurred. The learned counsel for the plaintiff, however, claims that as the debt against the company had its origin in St. Lawrence county, some part of the cause of action arose there. But the defendant was not primarily liable for that debt. He did not create it, or in any way obligate himself to pay it. The cause of action against him is the false report, and nothing else. That, and that only, gave the right to sue him. That is the cause of his liability, and that cause arose in Monroe county. Jurists have found much difficulty in precisely defining a cause of action. (Pomeroy on Remedies, § 452.) It may be said to be composed of the right of the plaintiff and the obligation, duty or wrong of the defendant; and these combined, it is sufficiently accurate to say, constitute the cause of action. Here the false report, the wrong of the defendant, gives the plaintiff the right to enforce the penalty. It is true that in a suit to recover the penalty, the plaintiff to sustain his action must prove not only

the false report, but the debt against the company. This is so because the statute imposes no specific penalty for its violation. The debts are the measure of the penalty, and they must be proved for that purpose.

Monroe county was, therefore, the proper place for the trial of this action. But it is claimed on behalf of the plaintiff that it was discretionary for the court to grant or refuse the motion; and this claim is based upon provisions of the Code not yet alluded to. Section 985 provides that if the county designated in the complaint as the place of trial is not the proper county, the action may notwithstanding be tried therein, unless the place of trial is changed to the proper county upon the demand of the defendant, followed by the consent of the plaintiff or the order of the court. Section 986 provides that if the demand for the change is not complied with within five days, the defendant's attorney may, within ten days thereafter, serve notice of motion to change the place of trial. Section 987 provides that the court may, by order, change the place of trial "where the county designated for that purpose in the complaint is not the proper county;" "where there is reason to believe that an impartial trial can not be had in the proper county;" and "where the convenience of witnesses, and the ends of justice will be promoted by the change." The defendant made his last motion for the change of the place of trial solely upon the first ground, that Monroe was the proper county. The counsel for the plaintiff, however, read in opposition to the motion, affidavits and papers, from which the court might have determined that the convenience of witnesses and the ends of justice would be promoted by refusing the change; and an order denying the motion upon those grounds, it is claimed, would so far rest in discretion as not to be reviewable in this court. But we are of the opinion that the defendant's right to have the place of trial changed was an absolute right, and that his motion to secure that right could not be defeated by showing that the convenience of witnesses and the ends of justice would be promoted by retaining the place of trial in St. Lawrence county. The defendant, in such a case, has the

right to move for the change solely upon the ground that the proper county for the trial is not stated in the complaint, and if he can be met on the motion by affidavits showing that an impartial trial cannot be had in the county to which he demands the change, or that the convenience of witnesses and the ends of justice will be promoted by refusing the change, he may be taken by surprise and cannot be prepared to meet such affidavits. Hence the orderly and regular practice is to order the change upon defendant's motion, and then, if the plaintiff desires a change to any other county, on the grounds stated in the last two specifications of section 987, he must make his motion upon affidavits which the defendant can be prepared to meet. Authority is given in that section not to retain a place of trial, but to change the place of trial. These views as to the proper procedure are, so far as we are informed, in accordance with the uniform practice in such cases in the Supreme Court. (*Park* v. *Carnley*, 7 How. Pr. 355; *Hubbard* v. *Nat. Pro. Ins. Co.*, 11 id. 149; *Int. Life Assur. Co.* v. *Sweetland*, 14 Abb. Pr. 240.) Defendant's motion should, therefore, have been granted, unless the reason given for its denial at the General Term is sound. At the time the first motion was made, the complaint which had then been served contained no cause of action whatever. It was so held by the same court that decided the motion. The motion may have been denied, and for aught we know was denied, as it certainly could properly have been denied, on that ground. The defendant properly acquiesced in that decision. So long as the complaint was held to state no cause of action, it would have been idle for him to continue his efforts, by appeal or otherwise, to procure the change of the place of trial. But the plaintiff, by leave of the court, served a new complaint stating a cause of action, and thus presenting a radically different case. Then, for the first time, a sufficient complaint was served upon the defendant, and he had the right to make another demand for a change of the place of trial, and he could follow it by a motion without leave of the court. Upon the case as it then existed, he had never moved, and there

was nothing in the prior decision which estopped him. The court had not adjudicated upon a complaint stating a cause of action for a penalty that he was not entitled to the change. The doctrine of *res adjudicata* does not apply to adjudications upon such motions as strictly as it does to adjudications by judgment (*Riggs* v. *Pursell*, 74 N. Y. 370); and where the facts have materially changed since a former motion, such motions may be renewed as matter of right. (*Belmont* v. *Erie R'y Co.*, 52 Barb. 639; *Erie R'y Co.* v. *Ramsey*, 57 id. 449.)

We are, therefore, of opinion that defendant's motion ought to have been granted.

The orders of the General and Special Terms should be reversed and the motion granted, with costs of the appeals to the General Term and to this court.

All concur, except DANFORTH, J., who took no part, and RAPALLO, J., absent.

Orders reversed and motion granted.