FREDERIC TAYLOR, RESPONDENT, *v.* HENRY Y. ATTRILL, APPELLANT.

HARVEY FISK AND OTHERS, RESPONDENTS, *v.* HENRY Y. ATTRILL, APPELLANT, IMPLEADED WITH OTHERS.

COLLIS P. HUNTINGTON, RESPONDENT, *v.* HENRY Y. ATTRILL, APPELLANT, IMPLEADED WITH OTHERS.

*Local action — against a director of a company for making a false certificate — the cause of action arises in the county in which the certificate is recorded — 1875, chap. 611.*

This action was brought against a director of a limited liability company, formed under chapter 611 of 1875, to recover a debt due from the corporation upon the ground that the defendant had made and recorded a false certificate to the effect that the capital stock had been paid up in full. The certificate was signed and verified in the county of New York, where the defendant resided, and recorded in Queens county, where the principal place of business of the company was situated.

*Held,* that the cause of action was a local one; that it arose in Queens county and that the action must be there tried. (PRATT, J., dissenting.)

APPEALS from three orders made at Special Term, denying motions of the defendant Henry Y. Attrill to change the place of trial of the above entitled actions from the county of Queens to the county of New York.

The motions were made upon the ground that the county of Queens was not the proper place of trial. The motions were argued together, the same questions being presented by each. The actions

were brought to recover from the defendants certain sums of money due to the plaintiffs from the Rockaway Beach Improvement Company (limited) as penalties for verifying and recording, as directors of that company, a false certificate of full paid stock.

The company was incorporated under chapter 611 of the Laws of 1875, and the certificate, though signed and verified in New York city, where the defendant resided, was recorded, as required by section 37 of said act, in the office of the clerk of Queens county, that being the county in which the principal business office of said company was situated.

*John E. Parsons*, for Henry Y. Attrill, appellant.

*Stewart & Boardman*, for the respondent.

BARNARD, P. J.:

This action is brought by a creditor against a director of an incorporated company, for the reason that the defendant had made, and caused to be recorded in Queens county, a false certificate that the capital stock of the company had all been paid in. The company was organized for building and carrying on a hotel in that county. The cause of action is local, and must be tried in the county where the same or some part thereof arose. (*Veeder* v. *Baker*, 83 N. Y., 156.) The action is given where a false report is "made." (Laws of 1875, chap. 611, § 21.)

The same act requires this certificate to be recorded in Queens county. (Sec. 37.) The liability of the director by that section is made absolute for all debts of the company until this certificate is "made and recorded." It is then only by the recording that the act is complete which releases the director personally. We think, therefore, that the word "made" in one section, and the words "made and recorded" in the other, intend no different result. An unrecorded certificate is not made. The cause of action was one originally in Queens county, and the order must be affirmed, with costs and disbursements.

DYKMAN, J., concurred ; PRATT, J., dissented.

Order refusing to change the place of trial affirmed, with costs and disbursements.