R. WURLITZER & BRO. v. W. H. SUPPE.

ACTION — *Misjoinder of Causes.* When the plaintiff's petition states three separate demands, the first two on promissory notes past due, and the third on an account not due, there is a misjoinder of causes of action.

*Error from Lyon District Court.*

THE opinion states the case.

*Cunningham & McCarty,* for plaintiffs in error.

*Kellogg & Sedgwick, W. W. Scott,* and *I. E. Lambert,* for defendant in error.

Opinion by SIMPSON, C.: On the 6th day of December, 1884, the plaintiffs in error commenced an action in the district court of Lyon county. Their petition set forth three alleged causes of action; the first two were on promissory notes, the third on an account. All were alleged to be due in the petition, but the fact was that the account set forth in the third cause of action was not due at the time of the commencement of the action, and did not become due until the 10th day of January, 1885. An order of attachment was issued at the commencement of the action, and levied on certain goods found in possession of one Wilkins, who claimed to own them. On the 12th day of December, 1884, an affidavit for an order of attachment was caused to be filed by the plaintiffs in error, and this affidavit conformed to §§ 230 and 231 of the code of civil procedure. The order of the district judge was obtained for an attachment for so much as was claimed to be not due on the third cause of action stated in the petition; the order of attachment was issued by the clerk, and levied upon the identical property bound by the lien of the first order of attachment.

An answer was filed on the 17th day of December, containing, first, a general denial; second, that the debt sued on was not due at the commencement of the action, nor at the filing of the answer. On the 19th of March, 1885, Suppe filed a motion to discharge the attachment issued on the 12th day of December, 1884. Among the various causes enumerated for a dissolution of this attachment only two become material in the inquiry, and they are: Third, "No bond as required by law, upon which said order of attachment of December 12, 1884, was based, was ever filed herein;" fifth, "The action in which said order of attachment was issued was prematurely brought before the claim sued on was due, and this attachment

was not obtained nor issued at the commencement of the suit." On the 19th of March, and between the hours of 10 o'clock A. M. and noon of said day, the defendant's counsel gave oral notice to the plaintiff's counsel of the filing of the motion to dissolve. On the 20th of March the case was reached for trial regularly on the docket, and the defendant's counsel called up their motion to dissolve the attachment. Counsel for plaintiffs objected to its consideration, because no reasonable notice of its hearing had been given. The court overruled the objection, and proceeded to consider the motion. It was shown by the admissions of Suppe, that he always had and does now disclaim any right, title or interest in the goods attached under the order he was seeking to have dissolved; and for this reason the plaintiffs in error objected to the consideration of the motion to dissolve. This objection was overruled. On the 30th of March the court made an order overruling the motion to dissolve, on all the grounds stated in the motion except the third, that of the want of a bond, and ordered the third cause of action in the plaintiff's petition stated to be dismissed without prejudice, and dissolved the attachment issued on the 12th day of December, 1884. Exceptions were saved to all these rulings.

It is insisted here that there was no reasonable notice given of the filing of the motion to dissolve the attachment, and of the hearing thereon; and that it was proper to join causes of action not due with causes of action that were due, in one and the same suit; that when Suppe disclaimed any interest in the attached property, the court should not have entertained his motion to dissolve the attachment by which it was held; that the court erred in the dismissal of the third cause of action; that the court erred in dissolving the attachment on the third ground set forth in the motion, as a good bond was already on file in the action.

I. As to the notice: Whether the notice was reasonable or not under all the circumstances of the case, is a question that, in the absence of some express rule controlling it, must largely rest in the discretion of the trial court. Our attention has

not been called to any rule in the judicial district in which the case arose, prescribing what shall be deemed a sufficient notice of a motion of this kind, nor is it alleged or shown that sufficient time was not given the plaintiffs in error for the necessary preparation for the hearing, nor was there any application or showing in the court below for time for that purpose. Under all these circumstances we are not authorized to say that the court erred in hearing the motion to dissolve the attachment on the 20th of March.

II. The next question, and indeed the controlling one in the case is, whether an account not due can be joined in the same action with causes of action that are due? So far as the claims or demands alleged in the petition are concerned, there can be no question that they could all be joined in the action if all were due. They consist of two promissory notes and an account, and if the account had been due, and separate actions had been instituted on each note, and on the account, they might have been consolidated. The two promissory notes were past due at the time this suit was instituted. The account was not due. They constituted the causes of action as alleged in the petition, and as to two of them there existed a right of action generally; and as to the account, the right of action depended on the existence of the grounds of attachment prescribed by § 230 of the code. The law does not create causes of action — these are created by the acts and contracts of persons; it only gives a right of action under certain conditions and limitations on the cause.

The court is of the opinion that only such claims or demands as are due at the time of the commencement of the suit, can be joined in one and the same action. Ordinarily, an action cannot be instituted on a claim or demand not due; it is only by express statutory authority that such an action can be maintained; and then the right to bring the action is dependent upon the existence of facts entirely disconnected with the contract, claim, or demand. A fraudulent intent, or disposition of property by the debtor, must exist before an action can be brought on a claim or demand not due. The whole

object of the permission accorded is accomplished, then, when property is seized by the process of the law, and held awaiting the maturity of the claim or demand, and the final determination of the rights of the parties by the court. This anomalous proceeding, necessary perhaps to protect creditors who have just demands maturing, is not to be regarded as coming within the meaning and operation of the second subdivision of § 83 of the code, that classifies causes of action arising on contracts express or implied, and permits them to be joined in one and the same suit, but must be viewed as one of those exceptional proceedings to provide against a failure of justice by the reason of the removal or disposition of the property of the debtor that ought rightfully to be applied to the payment of his just debts. It will be noticed that in the section of the code permitting an action to be brought on a claim before it is due, it does not designate it as a cause of action. To constitute a cause of action in cases of this character, there must be a duty to be performed ; a right to be enforced, and a failure, omission or refusal to perform, or an infringement of the right. On an account not due, these elements are wanting. There is no failure, omission or refusal to pay. The right to enforce payment is not infringed, because that right does not accrue until the time for payment has expired. It seems to follow, that the statute allowing an attachment to issue under certain circumstances on a claim before it is due, does not make it a cause of action as designated in the article of the code, upon the subject of the joinder of actions. It necessarily follows that the order of the court below dismissing the third cause of action set forth in the petition of the plaintiff in error must be affirmed.

With this view, it is hardly necessary to consider the question of the attachment bond, as when the cause of action is dismissed, the ancillary proceedings inevitably go with it. If a separate action had to be commenced on the account not due, another attachment bond is imperatively required by § 234 of the code.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.