### STIMSON *v.* STIMSON.

*(Supreme Court, Special Term, Albany County. January 28, 1890.)*

CHANGE OF VENUE—DEFENDANT'S RESIDENCE—CONVENIENCE OF WITNESSES.

Where neither party to an action for divorce is a resident of the county wherein the action is brought, defendant's motion to change the venue to the county of his residence must prevail against plaintiff's counter-motion to retain the venue for convenience of witnesses.

This is an action for divorce by Frances B. Stimson against James A. Stimson. Defendant moves for a change of venue.

*P. D. Niver*, for plaintiff.    *J. S. Westbrook*, for defendant.

LEARNED, J. The plaintiff resides in Saratoga county, the defendant in Montgomery. The venue is laid in Albany. The defendant moves to change to Montgomery. He is undoubtedly entitled to have the motion granted, unless the plaintiff's counter-motion can prevail. After defendant had served his notice of motion, plaintiff served affidavit and notice of motion, to be heard at the same time and place, to retain the venue at Albany for convenience of witnesses, showing enough necessary witnesses. The defendant shows no witnesses in opposition, but insists that the motion cannot be heard here, and that he is entitled to the change of venue, even if plaintiff may be afterwards entitled to move the venue back for convenience of witnesses.

*Veeder* v. *Baker*, 83 N. Y. 161, does not quite determine the question, for in that case the affidavits showing convenience of witnesses were read simply in opposition to the motion to change to the proper county. Here there is an independent motion. Still, the intimation in that case is quite strong, and this consideration may be taken into account. A motion to change for convenience of witnesses must be after issue of fact joined, that it may be seen what the issues are. Then, in the present case an answer has been served. But the practice must be uniform in all cases, whether an answer is served or not. I think, therefore, it is best to adhere to the regular practice, notwith-

standing *Mason* v. *Brown*, 6 How. Pr. 481. The plaintiff can move to change to Albany for convenience of witnesses. The court of appeals seem to think that "change" does not include "retain." Motion to change venue granted, with $10 costs. Motion to retain venue in Albany denied, without costs, and with leave to renew.