THE PEOPLE, Appellants, *v.* WILLIAM H. COUGHTRY, Respondent.

*Court of Appeals, Jan. 27, 1891.*

Aff'g 58 Hun, 245.

*Venue.   Convenience of witnesses.*—The place of trial of an action to recover penalties under the game laws may be changed for the convenience of witnesses.

See note at end of case.

Motion to change place of trial from Columbia to Albany County.

Order affirmed in Court of appeals on opinion of Justice LEARNED, at special term.

The following is such opinion it full :

Appeal from an order of the general term of the supreme court, reversing a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. B. Gardenier*, for plaintiffs.

*F. M. Danaher*, for defendant.

LEARNED, J.—These five actions were all commenced April 3, 1890.   They are brought to recover penalties amounting to $975, under the game laws, for exposing quail for sale, etc., during March, 1890 ; thirty-nine quail in all.   The acts are alleged to have been committed in the county of Albany. The actions are brought in the county of Columbia by counsel employed by the game and fish protector, because the district attorney of that county is too busy to give the suits prompt and necessary attention.

The defendant now moves to change the place of trial to the county of Albany for the convenience of witnesses of whom, there residing, he shows that he needs about twenty-four. The plaintiff makes no affidavit in reply. All of the allegations, therefore, of the defendant's affidavit are to be taken as true.

He alleges that a girl unknown to him, but since discovered to be Katie Myers, living with one Harrison McDonald, alleged to be a professional informer, came to defendant apparently in great distress, and stated that Dr. Vanderveer had ordered quail for Nathan P. Hinman, Esq., a well-known counsellor, and a friend of defendant's, then sick; that said Katie Myers made defendant believe that she was said Hinman's daughter; that defendant told her he was a grocer and did not deal in game, had none, and would not sell them if he had; that said girl persisted in her request; alleged said Hinman's illness and Dr. Vanderveer's orders, and asked defendant if he could not suggest some one who could procure them for her, and who could bring them to the Delaware & Hudson Canal Company's depot for the Delmar train, said Hinman living at Delmar; that the procuring of said quail was entrusted to a boy, O'Leary.

That said girl on other days appeared at defendant's place of business in his absence and expressed Mr. Hinman's gratitude, and again had O'Leary procure quail without defendant's knowledge. That defendant did not procure said quail or see them or have them in his possession.

That, on being sued, he learned from said Hinman that the girl was not his daughter, and that he knew nothing of the business, and from Dr. Vanderveer that he also knew nothing of the business; and defendant avers that he was the victim of a conspiracy by said McDonald.

If these statements of defendant are true, and there is no denial made, the court cannot pass the matter over without a rebuke of the parties who thus, as alleged, obtained the quail. They were obtained through the meanest of lies, by

which the kindness of defendant towards a sick friend was worked upon, so as to induce him, as alleged, to violate the game laws. It is not immoral to sell quail in March, but it is immoral to lie in order to excite sympathy, for the purpose of making money out of penalties, incurred through a desire to do a kindness. If game can only be protected by such practices, it would best be destroyed. Honesty is worth more than quail.

The plaintiff insists that under chap. 577, Laws of 1888, § 3, the court has no power to change the place of trial.

The material part of that section is as follows: " Such suits shall be commenced on the order of any game and fish protector in the name of the people by any district attorney where the offence shall be alleged to have been committed or by the district attorney of an adjoining county : and such suits shall be prosecuted where they shall be commenced unless for good cause shown a discontinuance shall be directed."

Sections 1, 3 and 4 of chap. 317, Laws 1883, are repealed by § 10 of the act above cited.

Leonard *v.* Ehrich, 40 Hun, 460, contains no reference to the act now in question, and does not speak of actions brought by the district attorney in the name of the people.

These actions are not brought under § 33, chap. 534, Laws 1879.

In People *v.* MacDonald, 108 N. Y. 655; 13 N. Y. State Rep. 902, which arose on the construction of § 1, chap. 317, Laws 1883, since repealed, it was held that that section did not authorize the district attorney of Fulton county to sue in that county for a penalty for violation of the game laws committed in Saratoga county.

The counsel for the defendant has urged, in a very able brief, supported by many authorities, that a law requiring a penal, or *quasi* penal, action to be tried in a county other than that where the offence was committed, would be unconstitutional, as taking away one of the elements of trial by jury. That is certainly a very important question and I think the

position of counsel has great weight. But it does not seem to me necessary to decide it here.

The general rule as to actions to recover penalties is stated in the Code of Civil Procedure, § 983. They are to be tried in the county where the cause of action arose. That rule must control, unless some subsequent statute is very clear to the contrary. I cannot discover that the statute cited by the plaintiff's counsel is positive on this point, as it does not say in what county the suit shall be brought. Since it is silent on that point, it would seem right that the general rule should apply. Or if it says anything on that point, it says : " Such suits shall be commenced  *  *  *  by any district attorney *where* the offense shall be alleged to have been committed." It does not say (though, perhaps, it means) by the district attorney of the county where the offence shall be alleged, etc. But the strict language is that the suit is to be *commenced where* the offence is alleged, etc.

But further, if Columbia were a county in which these actions might be brought, the place of trial may be changed for convenience of witnesses. Veeder *v.* Baker, 83 N. Y., 156. Such is the general rule. The plaintiff's counsel, however, urges that this is prohibited in cases like the present by reason of the clause in § 3 above cited, that the suits " shall be prosecuted to determination in the county where they are commenced." Now the meaning of this clause is explained by what follows : " Unless for good cause appearing, a discontinuance shall be directed by the chief game and fish protector." That is, the clause means that the district attorney or the counsel employed is not to discontinue the action except by the direction of the *chief* game and fish protector. The suit may be commenced on the order of *any* game and fish protector, but can be discontinued only on the direction of the chief. It is true that the words are, " In the county where," etc. But I cannot think that words thus incidentally inserted could have been intended to change the general and settled law as to changing the places of trial, as laid down in

§ 987, Code Civil Procedure, and as administered by this court for many years anterior to the Code of Practice. 1 Burrill's Practice, 412, etc.

If the legislature had intended to take away the power of saving witnesses from the trouble and expense of going to another county to attend a trial, they should have said so in positive and unmistakable language. Then the further question urged by the defendant's counsel would have arisen, whether such a law would not have been an interference with the constitutional authority of the court.

Where a peculiar and unreasonable exception to an otherwise universal and long established statutory rule is claimed, the language to support the clause should be clear and unquestionable.

Motions granted, with ten dollars costs in each action to defendant to abide the event of the action.

---

NOTE ON "CHANGE OF PLACE OF TRIAL FOR CONVENIENCE OF WITNESSES."

Where, on application for a change of venue for convenience of witnesses, the number of material and necessary witnesses on each side is nearly equal, the place of the transaction controls. Peck *v.* Parker, 15 W. Dig. 142 ; Whitall *v.* Moshier, 44 Hun, 623 ; Belding *v.* Ladd, 54 Id. 637 ; Trope *v.* Saratoga Ass'n, etc., 58 Hun, 611.

Especially where the number of material witnesses is decidedly greater on the part of defendant, the place where the transaction took place should govern. Whitall *v.* Moshier, *ante.*

In Belding *v.* Ladd, *ante*, an action was brought for a breach of warranty on a sale of horses which took place in Franklin County. The venue was laid in New York county. A motion was made to change the place of trial to Franklin county for the convenience of witnesses. The affidavits clearly showed that the defendants had a far greater number of witnesses in Franklin county than the plaintiff had in New York. It was held that this case should be tried where the horses, which form the subject of the action, were purchased, and where they had been handled and observed for more than a year prior to the sale. One side or the other must, undoubtedly, be inconvenienced, but the place where the transaction occurred should turn the scale. In granting the motion to change the venue, the court may properly impose reasonable conditions, making the change as