(55 App. Div. 470.)

## SYLVESTER v. LEWIS.

(Supreme Court, Appellate Division, Fourth Department.   November 27, 1900.)

VENUE—CHANGE—GROUNDS—REFUSAL.

> An action was brought in one county to recover money loaned, to which there was a general denial to part of the cause of action, and a counterclaim for services rendered plaintiff by defendant. Both parties residing in another county, defendant demanded a change of venue to such county, and, on plaintiff's failure to consent, moved for such change, which was denied on the ground of convenience of witnesses. *Held* error, since the cause of action did not fall within Code Civ. Proc. §§ 982, 983, providing that certain actions must be tried in the county where the cause of action is situated, and certain others where the cause arose, and it should be tried in the county of the parties' residence, under Code Civ. Proc. § 984, providing that actions not specified in sections 982, 983, must be tried in the county in which one of the parties resides at its commencement.

Appeal from special term, Oneida county.

Action by John A. Sylvester against Ray B. Lewis. From an order denying defendant's motion for a change of venue, he appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

George H. Bunce, for appellant.
J. W. Watts, for respondent.

LAUGHLIN, J.   The action is brought to recover moneys alleged to have been loaned by plaintiff to defendant. The answer contains a general denial as to part of plaintiff's cause of action, and interposes a counterclaim for the value of services alleged to have been rendered plaintiff by defendant. The action therefore does not fall within either section 982 or 983 of the Code of Civil Procedure. Both parties reside in the county of Herkimer, and under section 984, Id., that is the proper place for the trial of the issues. Oneida county is designated in the complaint as the place of trial. Defendant, with his answer, served a demand that the place of trial be changed to Herkimer, the proper county. Plaintiff having failed to consent to such change, defendant duly made a motion to change the place of trial in accordance with said demand. Plaintiff was permitted, in opposition to defendant's motion, to read affidavits showing that the convenience of witnesses required that the place of trial be retained in Oneida county, and the court denied defendant's motion upon that ground. This was error. The proper orderly practice in such cases is to grant the order changing the place of trial to the proper county. Plaintiff could then have made a motion to change the place of trial back to Oneida county for the convenience of witnesses, and this would have given defendant an opportunity to meet the moving affidavits which he could not have under the practice adopted in this case excepting by the special favor of the court in granting a postponement of the hearing. Veeder v. Baker, 83 N. Y. 156; Acker v. Leland, 96 N. Y. 386, 387; Stimson v. Stimson (Sup.) 9 N. Y. Supp. 238; Hubbard v. Insurance Co., 11 How. Prac. 149; Assurance Co. v. Sweetland, 14 Abb.

Prac. 240; Park v. Carnley, 7 How. Prac. 355; People v. Kingsley, 8 Hun, 233; Gifford v. Town of Gravesend, 8 Abb. N. C. 246. The order appealed from should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.