### CERTIFICATES OF REGISTRATION TO DENTISTS.

[Franklin County Court of Common Pleas.]

STATE, EX REL GLENN, v. THE STATE BOARD OF DENTAL EXAMINERS.

Decided, February, 1904.

*Dentists—One Qualified to Receive a Certificate Under the Old Law—But Failed to Make Application—Has No Vested Rights—Entitling Him to a Certificate at This Time Under the Old Law.*

One who was qualified to receive a certificate of registration from the State Board of Dental Examiners under the act of 1892, but who failed to make application therefor until after the repeal of said act on April 29, 1902, has no vested rights under Section 79, Revised Statutes, which entitle him at this time to a certificate from the said board under the repealed act.

EVANS, J.

The demurrer raises the question as to whether relator had vested rights by virtue of Section 79, Revised Statutes, such as would entitle him to a certificate of registration from the state

board of dental examiners under the repealed act of April 8, 1892 (89 O. L., 237), notwithstanding his application was not made to said board until after said repeal, and until after the amended act of 1902 had gone into operation. Relator has resided in Ohio since July, 1901. He graduated from the Indiana Dental College in 1898, and received a diploma from said college. He has practiced dentistry since 1895, beginning three years before his graduation. He practiced in the state of Indiana until July, 1901, when he located in Ohio for the purpose of practicing his profession.

At the time he located here in 1901, said act of April 8, 1892 (Section 4404, R. S.), was in force, and continued in force until April 29, 1902, when it was repealed, and the amended act of said date (95 O. L., 313) went into operation. The act was again amended on May 10, 1902 (95 O. L., p. 523).

Relator, although residing in the state several months prior to the repeal of the act of 1892, made no application to said board for a certificate prior to its repeal. On November 1, 1903, several months after the repeal of said act, and after the amended acts were in operation, he made application to the board for a certificate, tendered a fee of $2, produced his diploma, and demanded that he be granted a certificate to practice dentistry without examination, by virtue of the provisions of the repealed act of 1892.

Subdivision 5 of the act of 1892 provided that "Every person who may legally hold a diploma from any reputable dental college in the United States or any foreign country * * * shall upon application and the payment of a fee of two dollars to the secretary of said board, and producing satisfactory and reasonable proof of the fact that he holds such diploma * * * receive a certificate of registration and license to practice dentistry in this state."

Under the amended act of 1902 it is provided that the applicant for examination shall present a diploma from some legally chartered dental college, and *pass an examination* as therefter described. There is no question but that if the relator after he located in this state, and prior to the repeal of said act of 1892, had made application to said board, and satisfied said board in the matter of the requirements of said act, would have been entitled to a certificate of registration without examination.

But not having done so, and not having made application until after the repeal of said act, and until after the amended act of 1902 requiring an examination had gone into operation, the question is here presented: Can he require said board to grant his application under the provisions of the now repealed act of 1892?

He bases his right to maintain this action under Section 79, Revised Statutes. This section provides:

"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed; nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

Relator contends that when he located in the state in July, 1901, then having a diploma as a graduate from a reputable dental college, the said act of 1892 being then in operation, in connection with his said qualifications, invested him with "a cause of proceeding"; that he had a right at any time after locating in the state to apply to said board for a certificate to practice dentistry, and upon payment of the fee, and satisfying the board that he possessed a diploma from a reputable dental college, that said board was bound to grant him a certificate; and that his "cause of proceeding" having once vested, the repeal of said act did not divest him of said right, because the amendatory act of 1902 did not expressly provide for and did not affect causes of action, prosecution or proceeding, existing at the time of said amendment. Did relator, under the circumstances, have a "cause of proceeding," such as would bring him within the saving clause of Section 79 of the Revised Statutes? Or, had he merely a privilege to apply for a certificate while the act of 1892 was in force, and failing and neglecting so to do until after the repeal of that act, did not his rights under that act terminate with its repeal? To have "a cause of proceeding" *against* said board, will depend upon the fact as to whether said board did, or omitted to do, some act that would give relator a cause of complaint.

Cause is defined to mean that which produces or effects a result; that from which anything proceeds; that which supplies a motive, decides an action, or constitutes the reason why anything is done.

"Where directors of the poor were authorized to adjust rates, and any person was given the right of appeal within four months after the *cause* of complaint had arisen, it was held that the *cause* of complaint was the making of an order by the directors." 5 A. & E. Ency. of L., 773-4.

A cause of action or proceeding is generally held to be a union of the right of the plaintiff and its infringement by the defendant. *Wilder* v. *Baker,* 83 N. Y., 156.

"The law does not create causes of action—these are created by the acts and contracts of persons; it only gives a right of action under certain conditions and limitations on the cause. * * * To constitute a cause of action there must be a duty to be performed, a right to be enforced, and a failure or refusal to perform, or an infringement of the right." 38 Kan., 31.

It is not claimed that relator made application to the board for a certificate before the repeal of the act of 1892. Unless he had done so he could have no cause of proceeding *against* said board. The board, under that law, never having had an opportunity to act on his application, he, consequently, could not proceed against the board.

But relator claims that he had "a cause of proceeding" which gave him the right to go *before* said board as a tribunal, with his application and diploma, and demand a certificate. That this was a vested right, and that the repeal of the law that gave him this right did not divest him of the right. A right is a well-founded claim. The idea of a well-founded claim becomes in law a claim founded in or established by the law. Where claims inhere in the very nature of man they are called inherent, inalienable rights. If the claim is founded or given by law, it is a legal right. The idea of claim and that the claim must be well founded always constitutes the idea of right. Bouvier Law Dic., 928.

Relator had no inherent or inalienable right, and such is not claimed for him. His right or privilege was one created by statute. When he located in the state, he, together with others under like circumstances, was afforded the privilege under the provisions of

NISI PRIUS REPORTS—NEW SERIES. 453

1903–4. ]    State, ex rel, v. State Board of Dental Examiners.

the act of 1892, to apply to said state board of examiners for a certificate to practice dentistry, and by complying with the requirements therein provided he could obtain such certificate without examination. He did not see proper to take advantage of this privilege, and made no application until after the repeal of that law. In April, 1902, the Legislature saw proper to raise the standard for those persons applying to practice dentistry in the state, and so amended the law as to require an examination for all persons in relator's class before they could receive a certificate of registration from the state board of examiners.

There is no question but that the lawmaking power can continue to raise the standard in matters of this kind as often as the necessities may require. That is so held in *Dent* v. *West*, 129 U. S., 114, a leading case, and one that has been followed by the courts in many of our states.

In order to entitle relator to relief under the saving clause of Section 79 of the Revised Statutes, he must have had "a cause of proceeding" *against* said board before the repeal of said act of 1892. That he did not have either his certificate, or "a cause of proceeding" against said board, is entirely due to his own fault and neglect. Section 79, Revised Statutes, was not intended to apply to rights or privileges that did not amount to causes of action, prosecutions, or proceedings, *existing* at the time of such amendment or repeal. A party who had a right to institute a proceeding against another by virtue of a repealed act, would have such right saved under said Section 79, in the absence of an express provision to the contrary in the repealing act.

As above stated, said board had done nothing or omitted to do anything to give relator "a right of proceeding" against it prior to the repeal of said act. Hence he had no right of proceeding against said board. He simply permitted the time to pass within which he could have perfected his rights under said act, and having done so, the privilege accorded him under that act was taken away by its repeal, and by the amended act another privilege, with additional burdens, was substituted.

My opinion is that relator has now no vested rights under said act of 1892, and to entitle him to a certificate of registration he must apply in accordance with the provisions of the amended act

454 **SUPERIOR COURT OF CINCINNATI.**

Union S. B. & T. Co. v. Pike Building Co. et al. [Vol. I, N. S.

of 1902. Inasmuch as the demurrer searches the petition as well as the answer, a demurrer to the petition is sustained, and this cause is dismissed at costs of the relator.

*G. J. Marriott,* for plaintiff.

*Smith W. Bennett* and *Geo. H. Jones,* for defendant.